09-1983-cr
United States v. Bloomfield

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

Present:
        JOSEPH M. McLAUGHLIN,
        PETER W. HALL,
                *Circuit Judges*,
        JANE A. RESTANI,*
                *Judge*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                          No. 09-1983-cr

NIGEL BLOOMFIELD,

        *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:        LAWRENCE GERZOG, New York, New York.

_____

* Chief Judge Jane A. Restani of the United States Court of International Trade, sitting by designation.

FOR APPELLEE:                          PREET BHARARA, United States Attorney for the Southern District of New York, (Brian A. Jacobs, Katherine Polk Failla, Assistant United States Attorneys, Of Counsel, *on the brief)*, New York, New York.

_____

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Nigel Bloomfield appeals from a sentence of 18 months in prison imposed for a conviction, following a guilty plea, for conspiracy to distribute and possess with intent to distribute 1,000 kilograms and more of mixtures and substances containing a detectible amount of marijuana in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), and 841(b)(1)(A). We assume the parties' familiarity with the facts and procedural history of the case, to which we refer only as necessary to explain our decision.

Bloomfield first challenges as procedural error the district court's decision to deny him a mitigating role reduction under the United States Sentencing Guidelines. *See* U.S.S.G. § 3B1.2. Generally speaking, we review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008) (en banc). "[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *Id.* at 193. With regard to the specific issue of role adjustments in this case, we review for clear error a district court's finding based on which it grants or denies the adjustment. *United States v. Castano*, 234 F.3d 111, 113 (2d Cir. 2000).

2

"The defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a mitigating role adjustment under section 3B1.2 of the Sentencing Guidelines." *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir. 2001). A minimal role adjustment "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group" and "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of [such] a role." U.S.S.G. § 3B1.2 cmt. n.4. Meanwhile, a minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2 cmt. n.5. "A reduction will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999). Thus, in reviewing a district court's decision regarding a mitigating role adjustment,

> we are mindful that a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.

*Carpenter*, 252 F.3d at 234 (internal quotation marks and brackets omitted).

Bloomfield asserts on appeal that the district court made no factual findings and gave no consideration to the criteria set forth in Application Notes 4 and 5 to U.S.S.G. § 3B1.2. He argues, for this reason, that his sentence is unreasonable because it is not accompanied by the requisite factual findings. It is clear from our review of the transcript, however, that Bloomfield's request for a role reduction was the subject of an extended colloquy during the

3

sentencing hearing. The district court initially summarized the government's position that the stash house with which Bloomfield was involved was integral to the success of the conspiracy; that because Bloomfield accepted marijuana as payment, he also played a role beyond that of stash house manager; and that Bloomfield understood the scope and structure of the operation. Immediately following this summary, the district court asked if Bloomfield disputed the government's rendition of the facts. Defense counsel did not contest the facts but only the "spin on the same set of facts." He then went on to acknowledge that Bloomfield rented part of his warehouse space to his co-conspirators so they could use the space as a "stash house for their marijuana," that he was "paid both in cash and . . . in marijuana, which he then turned around and gave to . . . a retail seller . . . of marijuana," and that he "[o]bviously . . . knew [his co-conspirators] were selling [marijuana]."

Additionally, the record reveals that telephone conversations between Bloomfield and members of the conspiracy were intercepted by judicially authorized wiretaps and that these conversations disclosed the conspiracy's source of marijuana supply. The district court stated that it agreed with the government and that the "criteria laid out at the guidelines and the application notes indicate that the lesser position that [Bloomfield] seeks to qualify for is really not available to him." It is clear the district court considered the guidelines and application notes but declined to provide a mitigating role adjustment because the facts—which Bloomfield did not materially dispute—did not support such a reduction. In these circumstances, we conclude that the district court's decision denying Bloomfield a mitigating role adjustment was not clearly erroneous.

Bloomfield next argues that the district court's sentence was unreasonable because the

4

"sole factor" influencing the significant period of incarceration he received was the need for general deterrence as mandated by Congress. *See* 18 U.S.C. § 3553(a)(2)(B) (The court "shall consider . . . the need for the sentence imposed . . . to afford adequate deterrence."). We view this as a challenge to the substantive reasonableness of the sentence which we review under an abuse of discretion standard, "set[ting] aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted). "[W]e take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *id.* at 190, and "consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)," *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006).

Bloomfield's argument that his sentence was substantively unreasonable given its significant length is belied by the record. At sentencing, the district court stated that when it imposes a sentence it tries to take the "measure of the human being" into account. In so doing, the district court examined Bloomfield's actions that led to his conviction as well as his current medical condition. Furthermore, in considering his past and his future, his family's support, his educational level, and his abilities, the district court stated that these factors suggest Bloomfield will not be a recidivist and has every likelihood of becoming a contributing member of society. Yet, weighing those factors against Congress's intent that sentences involving unlawful substances serve a goal of general deterrence, the district court determined that it was not appropriate to sentence Bloomfield to only a few months in prison. After "weighing all those

5

things together," the district court sentenced Bloomfield to 18 months' imprisonment, which was 52 months below the bottom of the applicable guidelines range. We see no abuse of discretion in the below-Guidelines sentence that Bloomfield received.

For the reasons stated, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK